UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| BART BATMAN, individually; and<br>OKLAHOMA SAFETY AND SECURITY<br>SOURCE, INC., an Oklahoma corporation; | )<br>)<br>) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| v. | ) | Case No. 15-CV-0070-CVE-PJC |
| | ) | |
| CITY OF TULSA, a municipal corporation;<br>and JOHN DOE, sued as John Does 1-30,<br>unknown individuals Employed by the City<br>of Tulsa; | )<br>)<br>)<br>) | |
| | ) | |
| **Defendants.** | ) | |

## OPINION AND ORDER

This matter comes before the Court <u>sua sponte</u> on a notice of removal (Dkt. # 2) filed by defendant the City of Tulsa (the City).[1] On January 8, 2015, plaintiffs filed their state court petition, alleging that employees of the City, including fire department and police department officers and officials, engaged in a systematic campaign to shut down plaintiffs' business, a firearms training center and indoor firing range. <u>Id.</u> at 8-13. Plaintiffs alleged five claims against defendants, either together or separately: negligence; tortious interference with contractual relations; malicious

---

[1] The Court addresses the City's notice of removal <u>sua sponte</u> because "[f]ederal courts 'have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party,' and thus a court may *sua sponte* raise the question of whether there is subject matter jurisdiction 'at any stage in the litigation.'" <u>1mage Software, Inc. v. Reynolds & Reynolds Co.</u>, 459 F.3d 1044, 1048 (10th Cir. 2006) (quoting <u>Arbaugh v. Y & H Corp.</u> 546 U.S. 500, 501 (2006); <u>see also</u> FED. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

prosecution; civil conspiracy; and intentional infliction of emotional distress (alleged against only the John Doe defendants). Id. at 13-19.[2]

The City filed a notice of removal on February 9, 2015. Id. at 1. The notice invokes this Court's federal subject matter jurisdiction under 28 U.S.C. § 1331. Id. As an example of the federal issues present in the petition, the City points to plaintiffs' claim for civil conspiracy, which includes the following allegation:

> The [City] and John Doe Defendants . . . acted in concert to commit the unlawful acts of malicious prosecution, negligence, intentional infliction of emotional distress, and other acts and omissions against the Plaintiffs. This includes without limitation: depriving the Plaintiffs the opportunity to conduct business; carrying out personal vendettas against [plaintiff] Batman; carrying out selective enforcement and selective prosecution of alleged violations of Tulsa municipal code and/or state statute; undertaking targeting of the Plaintiffs [sic] business and its clientele; conducting unlawful and illegal "raids" on [plaintiff Oklahoma Safety and Security Source, Inc.] premises; and other unlawful acts and omissions to be revealed upon the completion of discovery.

Id. at 17. Although the City cited to plaintiff's claim for civil conspiracy, similar language appears in plaintiff's negligence and malicious prosecution claims. See, e.g., id. at 13, 14. Additionally, the City points to plaintiffs' prayers for relief, which request, inter alia, "actual damages in excess of the amount required for diversity jurisdiction pursuant to Section 1332 of Title 28 of the United States Code." Id. at 17.

Removal to federal court is proper when "a civil action includes a claim arising under the Constitution, laws, or treaties of the United States (within the meaning of section 1331 of this

---

[2] Plaintiff alleged the first four claims against the City. Dkt. # 2, at 13-17. In a sixth "claim," plaintiffs re-alleged the first four claims against the John Doe defendants. Id. at 18-19. Thus, only five total claims are alleged.

2

title).")[3] 28 U.S.C. § 1441(c)(1). When deciding whether a case arises under federal law, the court must follow the well-pleaded complaint rule, "under which a suit arises under federal law 'only when the plaintiff's statement of his own cause of action shows that it is based' on federal law." Schmeling v. NORDAM, 97 F.3d 1336, 1339 (10th Cir. 1996) (quoting Louisville & Nashville R.R. v. Mottley, 211 U.S. 149, 152 (1908)). Federal courts do not have subject matter jurisdiction when a federal law issue arises only as a defense to plaintiff's claims. Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Trust for S. Cal., 463 U.S. 1, 10-11 (1983). The well-pleaded complaint rule "makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987). Removal statutes are construed narrowly and defendant bears the burden to prove the existence of federal subject matter jurisdiction. Pritchett v. Office Depot, Inc., 420 F.3d 1090, 1094-95 (10th Cir. 2005); Martin v. Franklin Capital Corp., 251 F.3d 1284, 1289-90 (10th Cir. 2001). "[G]iven the limited scope of federal jurisdiction, there is a presumption against removal, and courts must deny such jurisdiction if not affirmatively apparent on the record." Okla. Farm Bureau Mut. Ins. Co. v. JSSJ Corp., 149 F. App'x 775, 778 (10th Cir. 2005).[4]

Federal question jurisdiction under § 1331 exists when a plaintiff pleads "a cause of action created by federal law" or a "state law claim[] that implicate[s] significant federal issues." Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg., 545 U.S. 308, 312 (2005). The Court has

---

[3] The City did not assert that subject matter jurisdiction would be proper under the Court's diversity jurisdiction, pursuant to 28 U.S.C. § 1332. The Court has reviewed the petition and finds that the parties are not diverse; all plaintiff's and the City are citizens of Oklahoma. Dkt. # 2, at 1. Thus, diversity jurisdiction does not exist. See § 1332(a).

[4] Unpublished decisions are not precedential, but they may be cited for their persuasive value. See Fed. R. App. 32.1; 10th Cir. R. 32.1.

reviewed plaintiffs' petition, and none of the alleged claims is "a cause of action created by federal law." Thus, removal of this case is proper only if one or more of the claims "implicate[s] significant federal issues." The Supreme Court discussed this form of federal question jurisdiction in depth in Grable, where the parties to a state law case regarding seizure of property for unpaid taxes disputed the correct reading of a provision of the Internal Revenue Code. Id. at 311. Though the plaintiff lacked a federal claim for relief, the defendant removed the case to federal district court as a state law claim presenting a federal question. Id. The Grable Court noted that the variety of interests at issue in any such determination had "kept [the Court] from stating a 'single, precise, all-embracing' test for jurisdiction over federal issues embedded in state-law claims between nondiverse parties." Id. at 313-14. Nevertheless, because the outcome of the case turned on the proper reading of federal law, there were no other issues to be reached, and the interpretation of the provision in question was likely to set precedent for many other tax sale cases, the Grable Court found the federal issue substantial enough to warrant removal. Id. at 314-15.

The Tenth Circuit has elaborated on the requirements for when a state law claim with an embedded federal issue supports federal subject matter jurisdiction: "[T]o establish federal-question jurisdiction under the *Grable & Sons* test, a state-law claim (1) must necessarily raise a federal claim that is both (2) actually disputed and (3) substantial; and (4) that may be resolved in a federal forum without disturbing the balance of federal and state judicial responsibilities." Devon Energy Prod. Co. v. Mosaic Potash Carlsbad, Inc., 693 F.3d 1195, 1208 (10th Cir. 2012). All four of these prongs must be met for the Court to have subject matter jurisdiction. See id. Only a "special and small category" of cases will meet the Grable standard. See Empire Healthchoice Assurance, Inc. v. McVeigh, 547 U.S. 677, 699 (2006). The claims in plaintiffs' petition fail to meet the first and third

4

prongs of the Grable analysis: that the claims "necessarily raise" a federal issue and that the issue is "substantial."[5]

"To determine whether an issue is 'necessarily' raised, the Supreme Court has focused on whether the issue is an 'essential element' of a plaintiff's claim." Gilmore v. Weatherford, 694 F.3d 1160, 1173 (10th Cir. 2012). In Gilmore, the plaintiffs accused the defendants of having wrongfully removed mining chat that the parties possessed as cotenants; they sued for conversion and sought an accounting. Id. at 1172. The federal issue in the case concerned the alleged wrongfulness of the chat's removal, based on certain federal statutes requiring approval of the Secretary of the Interior prior to such removal from Indian Country. Id. at 1172-73. As to the accounting, the Tenth Circuit found that the wrongfulness of removal was not an essential element of the claim; Oklahoma law only required the plaintiffs to show "that they were cotenants and that [one of the defendants] held possession of the cotenancy property." Id. at 1172 (citing Ludey v. Pure Oil Co., 11 P.2d 102, 104 (Okla. 1931)). However, the court concluded that the plaintiffs' property rights under Oklahoma law would necessarily depend on whether the chat could be removed without the Secretary's approval. Id. at 1173. Thus, the federal issue was an essential element of the plaintiffs' conversion claim.

Here, the City bases its removal on two allegations appearing throughout the complaint: plaintiffs' allegations that the defendants deprived them of certain rights and opportunities; and the inclusion of a federal statute in the prayers for relief. Dkt. # 2, at 1-2. As to the first, although the notice of removal is not specific on this point, the implicit argument is that the identified rights and opportunities are protected by the Constitution. However, the petition, which does not explicitly

---

[5] As the Court finds that the first and third prongs of the Grable analysis are not met, the second and fourth prongs are not addressed.

reference the Constitution, states clearly that the actions listed are merely examples, not a complete list of the bases for plaintiffs' claims. See Dkt. # 2, at 17 ("This includes without limitation: . . . and other unlawful acts and omissions to be revealed upon the completion of discovery."). Because plaintiffs could prove other acts not implicating federal law to succeed on their claim, Oklahoma law would not require proof of any constitutional violation alleged in the petition, making the claims here unlike the conversion claim in Gilmore. See Gilmore, 694 F.3d at 1173 ("To win under this particular theory of conversion, plaintiffs must show that the Secretary's advance approval is required under federal law and that this claimed right is among those recognized under Oklahoma personal property law." (emphasis added)); cf. Andrews v. Family Dollar Stores of Okla., Inc., No. 11-CV-0698-CVE-FHM, 2012 WL 242845, at *3-4 (N.D. Okla. Jan. 25, 2015) (finding that a HIPAA violation was not an essential element of a claim for intentional infliction of emotional distress where the violation was one of several allegedly tortious actions). Thus, any constitutional violations alleged in the petition are not essential elements of plaintiffs' claims.

As to the prayer for relief, although injury must often be proven as an element of a tort claim under Oklahoma law, see, e.g., Thompson v. Presbyterian Hosp., Inc., 652 P.2d 260, 263 (Okla. 1982) (noting that one of the essential elements of a claim of negligence is that the "plaintiff's injuries [were] proximately caused by the defendant's failure to exercise his duty of care"), the Court can find no authority under Oklahoma law requiring as an essential element of any tort that a particular amount of damages be pled. Federal diversity jurisdiction requires that the amount in controversy "exceed[] the sum or value of $75,000, exclusive of interest and costs," 28 U.S.C. § 1332(a), but that requirement does not apply here, where the City has invoked the Court's federal question jurisdiction under § 1331. Thus, the fact that plaintiffs prayed for relief by reference to a

federal statute, rather than with a particular dollar amount, does not make the federal statute of essential element of plaintiffs' claims. As this Court has previously written, "The mere fact that plaintiff's claims reference federal law does not convert plaintiff's state law claims into federal claims." Andrews, 2012 WL 242845, at *4. Because none of the federal issues present in this case is an essential element, plaintiffs' claims do not "necessarily raise a federal claim" sufficient to satisfy the first prong of the Grable analysis. See Devon Energy, 693 F.3d at 1208.

Likewise, any federal issue present in the petition is not "substantial" within the meaning of Grable. The Supreme Court has said that an issue is "substantial" when it is "a nearly 'pure issue of law . . . that could be settled once and for all and thereafter would govern numerous . . . cases,'" as opposed to a situation that "is fact-bound and situation-specific." Empire, 547 U.S. at 700-01. In Grable, for example, the case turned on the interpretation of the Internal Revenue Code and presented a question of law that would govern other tax sale cases. Grable, 545 U.S. at 315. By contrast, the dispute in Empire concerned the share of a personal injury settlement owed to a federal employee health plan administrator. Empire, 547 U.S. at 700. The Supreme Court held that, even though there were federal statutes involved in Empire, the dispositive issue was "fact-bound and situation-specific" because resolution would require an analysis of the settlement itself. Id. at 701.

In Gilmore, discussed above, the Tenth Circuit found that the plaintiffs' conversion claim was substantial because whether the approval of the Secretary was necessary presented a legal question that could govern similar property disputes in Indian Country. Gilmore, 694 F.3d at 1173-74. The Tenth Circuit found the case closer to Grable than Empire because it concerned the relationship of the federal government to private parties, rather than the relationship of private parties to each other. Id. at 1174-75. Additionally, the Tenth Circuit found the federal issue

7

substantial because, like in Grable, it was "central to the case," meaning it was not possible for the plaintiffs to win the case unless the court addressed the federal issue. Id. at 1175.

The claims in the petition are far closer to Empire than to Grable or Gilmore. The alleged violations of constitutional rights are necessarily "fact-bound and situation-specific." Determining whether defendants in fact violated plaintiffs' rights likely would not resolve future cases involving the violation of the constitutional rights of other persons. Instead, as in Empire, any conclusion as to such a violation would necessarily be limited to the parties in the case. Moreover, unlike Gilmore, the federal issue involves the relationship of private parties to each other, not between a private party and the federal government. Finally, as discussed above, the federal issue is not "central to the case" because plaintiffs need not prove any constitutional violation to succeed on their state law tort claims. The same is true for plaintiffs' reference to 28 U.S.C. § 1332, which is both "fact-bound and situation-specific" and not at all central to plaintiffs' case. The claims in plaintiffs' petition are not "substantial" within the meaning of Grable; thus, the third prong of the Grable analysis is not satisfied.

Federal subject matter jurisdiction under 28 U.S.C. § 1331 is proper when a plaintiff asserts a federal cause of action or a state law claim that "implicate[s] significant federal issues." Grable, 545 U.S. at 312. The petition sets forth no federal causes of action, so removal would depend on a significant federal issue being embedded in plaintiffs' state law claims. The Tenth Circuit has set forth a four-prong analysis to determine if such jurisdiction exists. See Devon Energy Prod. Co. v. Mosaic Potash Carlsbad, Inc., 693 F.3d 1195, 1208 (10th Cir. 2012). However, two of the four prongs are unmet here; plaintiffs' claims do not "necessarily raise" a federal issue, and any federal issues in the petition are not "substantial." Thus, plaintiffs' claims do not fit into the "special and

small category" of cases governed by <u>Grable</u>. The Court finds that it lacks subject matter jurisdiction to hear this case, which must be remanded.

**IT IS THEREFORE ORDERED** that the Court Clerk will **remand** this case to the District Court in and for Tulsa County.

**DATED** this 18th day of February, 2015.

                                         *[signature]*
                                         CLAIRE V. EAGAN
                                         UNITED STATES DISTRICT JUDGE